UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADRIENNE BULLOCK | * |
|     4001 Hayes St., N.E. | * |
|     Apt. H 9 | * |
|     Washington, D.C.  20019 | * |
|     Plaintiff, | * |
| v. | *  Civil Action No. |
| HOUSE OF RUTH | * |
|     5 Thomas Circle, N.W. | * |
|     Washington, D.C.  20005 | * |
|     Defendant. | * |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff Adrienne Bullock, a former employee of House of Ruth, brings this action against her former employer for discriminatory and retaliatory actions by Defendant in violation of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq,* the Family Medical Leave Act of 1993, Public Law 103-3 and the District of Columbia Family and Medical Leave Act. Plaintiff's requests for reasonable accommodations and for reduced hours pursuant to FMLA and DC FMLA were ignored and she was consequently terminated.  These discriminatory and retaliatory acts caused physical, psychological and economic harm. Plaintiff seeks appropriate relief.

### Jurisdiction and Venue

2. This Court has jurisdiction over the claims alleged herein pursuant to 42 U.S.C. § 12117(A) and 28 U.S.C. §1343.

3. All actions relevant to this civil action occurred in this jurisdiction and therefore venue is proper in this Court.

Parties

4. Plaintiff Adrienne Bullock was formerly employed by Defendant House of Ruth as a Life Skills Trainer between August 27, 2009 and October 20, 2015.

5. Plaintiff has medical issues for which she receives medical care. The extent of her medical problems establishes that she has a disability.

6. House of Ruth is a non-profit organization that annually serves more than 1,000 women and children who are abused and homeless in Washington, D.C.

Factual Statement

7. During her employment as a life skills trainer, Ms. Bullock worked as a staff member providing resources to woman and children who are served by Defendant in Washington, D.C.

8. Plaintiff has medical issues regarding her back following an medical operation in 2007.

9. Her medical issues interfered with major life activities, such as excessive walking or pushing, pulling or lifting even an item of relatively small weight.

10. Ms. Bullock worked an eight (8) hours shift for Defendant. As many of her co-workers, Plaintiff's schedule varied among the three (3) different eight (8) hour shifts covering all 24 hours of the day.

11. Ms. Bullock was able to successfully perform her job duties at Defendant

12. However, Plaintiff's medical situation continued to worsen during her employment,

13. By 2013, Plaintiff's doctors informed her that the varying shifts were a cause of medical distress to Plaintiff's health.

14. Relying on medical documentation which she offered to her supervisor, Plaintiff sought a reasonable accommodation.

15. The reasonable accommodation she sought was to work the same eight hour shift every day.

16. Without any inquiry, investigation, requests for other information or any other type of review of Plaintiff's worsened medical condition or of her doctors' medical opinions, Plaintiff's request for reasonable accommodation was rejected.

17. In March 2015, with new medical support from her doctors, Plaintiff again requested a reasonable accommodation to allow her to work the same shift every work day.

18. That reasonable accommodation request was also rejected without any review.

19. In August 2015, Plaintiff notified her employer of her renewed medical restrictions, which again required no heavy lifting, pushing or pulling and a reduction in her need for walking.

20. Defendant again refused the medical request and no change in Plaintiff's work requirements occurred.
21. In both March and July 2015, Plaintiff requested Defendant to change her schedule to allow her to work part-time.
22. Defendant failed to respond in any way to Plaintiff's request for a part-time work schedule.
23. Since there was no accommodation to her schedule, on October 7, 2015, Plaintiff requested that she be provided leave pursuant to the Family and Medical Leave Act.
24. Defendant thereafter provided FMLA forms to Ms. Bullock for her to fill out.
25. However, in a letter dated October 20, 2015, which was sent to her by Federal Express, Defendant terminated the employment of Ms. Bullock.
26. No reason was given for Plaintiff's termination.

### Exhaustion of Administrative Remedies

27. On November 23, 2015, Plaintiff Bullock notarized a charge of discrimination at the United States Equal Employment Opportunity Commission, complaining of mistreatment because of her disabilities and her requests for reasonable accommodation and for FMLA leave. A Notice of Right to Sue was issued and this timely Complaint followed.

### Claims

COUNT I  Adverse Employment Actions Taken Against Plaintiff Because of her Disability

Paragraphs 1 through 27 are incorporated herein by reference. The unlawful treatment of Plaintiff in failing to provide her reasonable accommodations resulted in physical, psychological and economic harm in violation of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.*

COUNT II  Failure to Provide Requested FMLA Leave

Paragraphs 1 through 27 are incorporated herein by reference. The failure to provide Plaintiff Bullock the leave she requested was a violation of the Family and Medical Leave Act, Public Law 130-3.

COUNT III Failure to Provide Requested FMLA Leave

Paragraphs 1 through 27 are incorporated herein by reference. The failure to provide Plaintiff Bullock the leave she requested was a violation of the District of Columbia's Family and Medical Leave Act.

COUNT IV  Retaliation Taken Against Plaintiff Because She Engaged in Protected Activity

Paragraphs 1 through 27 are incorporated herein by reference.  The adverse actions taken against Plaintiff because she requested reasonable accommodations were acts of retaliation in violation of The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.*

COUNT V  Retaliation Taken Against Plaintiff Because She Engaged in Protected Activity

Paragraphs 1 through 27 are incorporated herein by reference.  The adverse actions taken against Plaintiff because she requested FMLA leave were acts of retaliation in violation of the Family and Medical Leave Act, Public Law 130-3.

COUNT VI  Retaliation Taken Against Plaintiff Because She Engaged in Protected Activity

Paragraphs 1 through 27 are incorporated herein by reference.  The adverse actions taken against Plaintiff because she requested DC FMLA leave were acts of retaliation in violation of the District of Columbia's Family and Medical Leave Act.

## Relief Requested

WHEREFORE, Plaintiff Adrienne Bullock respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff Bullock;

2. Order Defendant to award Plaintiff back pay and benefits for her loss of income due to the unlawful discriminatory and retaliatory actions taken against her.

3. Order Defendant to cease and desist its practices and policies which have interfered with Plaintiff Bullock's opportunities for career advancement;

4. Order Defendant to award Plaintiff Bullock compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000) for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.*

5. Order Defendant to award Plaintiff Bullock additional compensatory damages in an amount of Five Hundred Thousand Dollars ($500,000) for the harm she has suffered as a result of Defendant's unlawful actions in violation of the rights secured by the Family and Medical Leave Act, Public Law 130-3 and the District of Columbia's Family and Medical Leave Act..

6. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter, and

7. Order such additional relief as the Court deems proper and just.

Jury Demand

Plaintiff Bullock demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar No.  246314
GARY T. BROWN & ASSOCIATES
1717 K Street, N.W.
Suite 900
Washington, D.C. 20006
(202) 393-4900 (telephone)
(202) 393-4903 (fax)
GTBfirm@garytbrown.com
Attorney for Plaintiff Adrienne Bullock